IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRIANTE SUMBRY, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 05-00220-CG-L |
| CECIL DAVIS, | : | |
| Respondent. | : | |

REPORT AND RECOMMENDATION

Petitioner, an Indiana prison inmate proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 (Doc. 1).[1]  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  It is the recommendation of the undersigned Magistrate Judge that the petition be **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in part:

> The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business.  The petition shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

Upon review of the petition, the undersigned finds that this Court lacks subject matter jurisdiction over this § 2254 petition.  A petition under 28 U.S.C. § 2254 must "be filed in the district court for the

---

[1] Petitioner also filed a Motion to Proceed Without Prepayment of Fees (Doc. 2), upon which no ruling is being made due to the recommended disposition of this action.

district wherein such person is in custody <u>or</u> in the district court for the district within which the State court was held which convicted and sentenced him and each of the such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); <u>see</u> <u>Braden v. 30th Judicial Circuit Court of Ky.</u>, 410 U.S. 484, 499-501, 93 S.Ct. 1123, 1132, 35 L.Ed.2d 443 (1973); <u>Dobard v. Johnson</u>, 749 F.2d 1503, 1509 (11th Cir. 1985).

In the present petition, which is for the most part unintelligible, petitioner does not indicate that his present incarceration is the result of a conviction rendered in one of the state courts in the Southern District of Alabama. [2] Rather, based on the documents petitioner has filed in support of his habeas petition, petitioner's present incarceration appears to be the result of a conviction rendered by the State of Indiana in 1998. Furthermore, petitioner's address reflects that he is currently incarcerated in Indiana State Prison. There is simply no connection to the Southern District of Alabama evident in the petition. Accordingly, this Court lacks jurisdiction over the petitioner's § 2254 petition.

Based upon the foregoing reasons, it is recommended that the petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts for lack of subject matter jurisdiction.

**DONE** this <u>4th</u> day of May 2005.

                                                /s/ Kristi D. Lee
                                                **KRISTI D. LEE**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[2] Petitioner apparently has a history of filing unintelligible and frivolous pleadings. <u>See</u> <u>Sumbry v. Davis</u>, 2003 WL 22928804 (7th Cir., December 3, 2003). As a result of petitioner's repeated frivolous pleadings the Seventh Circuit Court of Appeals rendered an opinion forbidding petitioner to file any more frivolous petitions. <u>See</u> <u>Montgomery v. Davis</u>, 362 F. 3d 956 (7th Cir. 2004)

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                **KRISTI  D.  LEE**
                                                                **UNITED STATES MAGISTRATE JUDGE**